## THE PEOPLE *ex rel.* James Martin *vs.* THE BOARD OF POLICE OF THE METROPOLITAN POLICE DISTRICT.

Where, on an application for a mandamus to compel the Board of Police of the Metropolitan Police District to restore the relator to the office of patrolman of the police force, &c., issues were joined, and on the trial thereof the court nonsuited the relator, on the ground that his acceptance of an appointment of inspector in the custom house, and taking the oath of office, was a resignation, by implication, of the office of policeman; but the duty of finding what the facts were had been wholly omitted, and there was no evidence before the court to show, and no fact found, upon which it could be ascertained, whether the judgment of nonsuit was right or wrong, it was *held* that the case must be sent back to the circuit for a re-trial.

*Held, also,* that if it was true that the relator accepted another office, and entered on the performance of new duties, under the general government, which would prevent him from performing his duties as a policeman, and that he did so before the board of police refused to permit him to exercise the powers and duties of a policeman, under their authority, his application for a mandamus would be denied whenever such facts were proved.

THIS was an application for a mandamus to compel the board of police to restore the relator to the office of patrolman of the police force, and permit him to exercise the same, and to take the profits and salary thereof. Issues were joined, upon the return of the respondents, which were tried at the circuit. The court nonsuited the relator, with costs, on the ground that his acceptance of an appointment of inspector in the custom house, and taking the oath of office, was a resignation, by implication, of the office of policeman.

The counsel for the relator excepted to the decision of the court. · The court ordered the exceptions to be heard in the first instance at a general term, and that judgment in the meantime be suspended. A motion for a peremptory mandamus was thereupon made, upon the verdict thus rendered.

*Beebe, Dean & Donohue,* for the relator.

*Brown, Hall & Vanderpoel,* for the respondents.

LEONARD, J. In this case issues have been joined, and the court at the trial nonsuited the relator, who took an exception to the decision. There is no evidence before the court, and no fact found upon which it can be ascertained, whether the judge who made the decision was right or wrong. There is a memorandum in the case that the court nonsuited the relator on the ground that his acceptance of an appointment of inspector in the custom house, and taking the oath of office, was a resignation, by implication, of the office of policeman.

The issues were brought before the circuit for the purpose of finding what the facts were, but this duty has been wholly omitted. In my opinion the case must be sent back to the circuit for trial.

If it be true that the relator accepted another office, and entered on the performance of new duties, under the general government, which would prevent him from performing his duties as a policeman, and that he did so before the board of police refused to permit him to exercise the powers and duties of a policeman under their authority, then, in my opinion, his application will be denied whenever such facts are proved.

He was not bound to refuse other employment, and remain idle, in case the board of police unlawfully refused to permit him to perform his duties as a policeman under them.

If he is otherwise entitled to be restored to office, he may

552        CASES IN THE SUPREME COURT.

The People ex rel. Martin *v.* Board of Police, &c.

still, when the impediment is removed, resign his office under the general government, and resume his duties as a member of the new police.

CLERKE, P. J. concurred.

MULLIN, J. I am somewhat at a loss to know what effect to give to the nonsuit ordered against the relator; whether to treat it as a determination of all the issues against him on the ground specified, or as a distinct finding that he was not entitled to the office because he had accepted of another and incompatible office, and taken the oath of office as such officer; or that he had resigned the office of policeman and was not, for that reason, entitled to a mandamus to restore him to it.

The ground on which the nonsuit is placed would seem to preclude the idea that any of the issues, except that upon the 11th specification in the return, had been passed upon. That specification presents, as a ground of defense, the same facts which the learned justice holding the circuit nonsuited the relator upon.

To make the acceptance of a second office operate as a determination of the first, it must be *incompatible.* That the two offices are either incompatible, or inconsistent, is not alleged by the learned justice, nor found by the jury.

A resignation by the relator is not alleged in the return, nor found as a fact. Nor was issue taken on any such proposition. Indeed, the court held the resignation to be the legal inference from the appointment to and acceptance of the office of custom house inspector.

My impression is that it was a mis-trial to nonsuit the relator, and that we cannot, on the papers, grant any relief.

But as it may be the wish of the parties to have the case disposed of now, rather than incur the expense of a re-trial, I will give very briefly my views of the case.

In examining the case, I shall treat the nonsuit as equiva-

lent to a finding by the jury that the relator, while he was a member of the new force, was appointed to and accepted of the office of inspector of the customs, the duties of which were inconsistent with the performance of the duties of the office of policeman.

It seems to be well settled that the appointment of the incumbent of an office to one that is incompatible, does not ipso facto determine the first. On the contrary, the new appointment is valid, and the party has the right of election between the two. (*The People* v. *Carrique*, 2 *Hill*, 93.) But it is further held, in that case, that if the appointee take the oath and enter on the duties of the second office, the first is absolutely determined. In note to page 255, 1st edition of *Angell & Ames on Corporations*, it is said : This (the acceptance of an inconsistent office) is an absolute determination of the original office, and leaves no shadow of title to the possession ; so that neither quo warranto nor amotion is necessary before any other may be elected.

In *The King* v. *Patteson*, (24 *E. C. L.* 15,) the king's bench held that the acceptance, by a person holding a corporate office, of another incompatible office not corporate, did not operate as an absolute avoidance of the corporate office, although it might be ground of amotion. And that the acceptance of an incompatible office does not operate as an absolute avoidance of a former office, in any case where the party could not divest himself of that office by his own act, without the concurrence of another authority to his resignation or amotion ; unless such authority be privy and assenting to the second appointment.

The office of inspector of the customs was not a corporate office ; and, within the first clause of the foregoing ruling, its acceptance did not operate an absolute avoidance. In the case of *Carrique* the second office was a corporate office, and hence the two cases are not on this proposition inconsistent. The case of *King* v. *Patteson* would seem therefore to be conclusive on this question. And we must hold that the ac-

ceptance of the second office, even if incompatible with the former, does not of itself work a forfeiture of the first.

The acceptance of such second office is evidence, however, of a resignation or abandonment of the first office ; and if it appears that the two offices are incompatible, and there is no conflict of evidence on the question, it would be the duty of the court to hold that there was a resignation.

But, unfortunately, the facts are not here which are necessary to enable us to dispose of this question, and I am of the opinion, therefore, that the case should be sent back to the circuit, in order to try the issues raised by the pleadings.

Case sent back to the circuit for trial.

